IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALFRED SMITH JR.,

                                                                     ORDER

                Plaintiff,

    v.                                                      09-cv-538-bbc

RICK RAEMISCH, GREG GRAMS,
STEVE HELGERSON, DALIA SULIENE
and SANDY BURRESON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff James Smith, a prisoner at the Waupun Correctional Institution, has filed a proposed complaint and a request for leave to proceed in forma pauperis. The request will be denied because plaintiff does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

      Plaintiff is a frequent filer in this court and in the Eastern District of Wisconsin. As a result of his previous litigation, he has struck out under § 1915(g). In previous orders I have explained to plaintiff that because of his three-strike status, he will not be allowed to proceed in forma pauperis in any lawsuit he files during the period of his incarceration unless he alleges facts from which an inference may be drawn that he is in imminent danger of

1

serious physical injury. In another case plaintiff filed recently in this court, <u>Smith v. Raemisch,</u> 09-cv-299-bbc, plaintiff alleged that he has been denied adequate medical care under the Eighth Amendment for over ten years with regard to a long-standing back injury, and that various judges have conspired against him in his previous cases brought before this and other courts, denying him due process. In case no. 09-cv-299-bbc, I entered an order directing plaintiff to file an amended complaint because his original complaint contained defects that prevented me from determining whether his complaint is a complaint requiring application of the exception to § 1915(g). Plaintiff is expected to file an amended complaint that is limited to his claim that he is presently being denied treatment and he is to name as defendants those persons who are allegedly being deliberately indifferent to his serious medical needs at the present time.

In his complaint in this case, plaintiff alleges that 1) on December 21, 2007, during his incarceration at the Columbia Correctional Institution, he was sexually assaulted by Nurse Steve Helgerson when Helgerson conducted " a bogus catheter exam"; 2) the Circuit Court for Columbia County and the Wisconsin Supreme Court violated his Fourteenth Amendment due process and equal protection rights and his right of access to the courts when they dismissed John Doe proceedings plaintiff filed against defendant Helgerson; and 3) the Wisconsin Department of Corrections retaliated against plaintiff for filing lawsuits and grievances regarding the alleged sexual assault.

In order to meet the imminent danger requirement of § 1915(g), the threat or prison condition must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court considers his request for leave to proceed in forma pauperis. Id. (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Claims of physical injury ordinarily arise in the context of lawsuits alleging Eighth Amendment violations. I can conceive of no factual scenario under which a plaintiff would be subjected to physical injury by the denial of due process, equal protection or access to the courts in the circumstances he has alleged in his complaint. With respect to plaintiff's claim that the Department of Corrections has retaliated against him, he does not identify any Department of Corrections employees who retaliated against him or explain what retaliatory acts they took and when the alleged retaliation occurred. Finally, although plaintiff's sexual assault claim against defendant Helgerson is serious in nature, it is not a claim that allows an inference to be drawn that plaintiff is in imminent danger of serious physical injury more than two years later. Plaintiff does not allege that he has experienced any ongoing assaultive behavior, only that he was assaulted on one occasion two and a half years ago. In sum, plaintiff's complaint is not a complaint requiring application of the exception to § 1915(g).

Because plaintiff is disqualified from proceeding in forma pauperis under § 1915(g),

3

he may choose to pursue this case as a paying litigant.  If so, he must submit a check or money order made payable to the clerk of court in the amount of $350.  If he does this, however, plaintiff should be aware that the court will be required to screen his complaint under 28 U.S.C. § 1915A and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  If plaintiff does not make the $350 payment by September 29, 2009, I will conclude that he does not want to pursue this action.  In that event, the clerk of court is directed to close this file.

ORDER

IT IS ORDERED that plaintiff James Smith's request for leave to proceed in forma pauperis is DENIED because plaintiff is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).  Further, IT IS ORDERED that plaintiff may have until October 6, 2009, in which to submit a check or money order made payable to the clerk of court in the amount of $350.  If, by October 6, 2009, plaintiff fails to pay the fee, the clerk of court is directed to close

this file.

    Entered this 15th day of September, 2009.

                                BY THE COURT:

                                /s/

                                _____
                                BARBARA B. CRABB
                                District Judge